## DEN EX DEM. MAYBERRY v. JOHNSON.

A written lease for more than three years, signed by the party making it, though not under seal, is good and valid under the statute of frauds, *Rev. Laws*, 151, sec. 9, and can no more be turned into a lease at will, than it can be assigned or surrendered by parol.

This was an action of ejectment, tried at the Warren Circuit before the Chief Justice, and a verdict, by agreement of parties,

Mayberry v. Johnson.

rendered for the plaintiff, subject to the opinion of the Court upon a state of the case.

*Maxwell*, for the plaintiff.

*Sherrerd*, for defendant.

The opinion of the court was delivered by the Chief Justice. Ryerson, Justice, having been of counsel in the cause while at the bar, gave no opinion.

HORNBLOWER, C. J.    This case comes before us, upon a verdict for the plaintiff, taken at the circuit, subject to the opinion of the court, upon the following questions, viz:

1. Whether a lease for more than three years, not under seal, is a good and valid lease, within the statute of frauds?— And,

2. If it is so, whether parol evidence is not admissable to show that it has been rescinded by the parties?

1st—The statute of frauds has been in existence for more than a century and a half, and it would be extraordinary if its enactments, in so material a point, remained to be settled at this day; and yet, if the first question is to be answered in the affirmative, it must be in consequence of a practical, rather than any other satisfactory judicial decision.   When the case was before me at the Circuit, I supposed the validity of the lease was settled, by the case of *Farman* v. *Rogers*, 2 *Wils.* 26, and *Beck* v. *Phillips*, 5 *Burr.* 2827; but upon looking into those cases, I find they were decisions on another part of the statute, and not on the point before us.   The 9th *Section* of our statute, *Rev. Laws* 151, which corresponds with the 2d *Section* of 29 *Car.* 2, *cap.* 3, enacts, "that *all* leases, estates, interests of freehold, or term of years, or any uncertain interest, of, in, to or out of, any messuages, lands, &c. *made* or *created*, or hereafter to be *made* or *created*, by *livery* and *seizin* only, or by *parol*, and *not put in writing*, and signed by the parties, or their agents authorized *by writing*, shall have the force and effect of leases or estates at will only; except all leases not exceeding the term of three years from the making thereof." It is argued by the counsel for the plaintiff, that the *writing* required by this section, must mean a *deed* or a writing under seal, because, if it is to be understood as meaning simply, a

*writing*, then freehold estates, as well as terms for years, may be made by *writing only*, and *without deed*. At the common law, estates in fee, for life, or for years, with remainder in fee, in tail or for life, might have been created, by *deed and livery of seizin*, or by *livery of seizin* only: and leases, or estates for years, might have been made by *deed*, or by *parol*, or by *parol* merely, without livery of seizin. 1 *Lit. lib.* 1, *sec.* 1, 9 *a.; Id. sec.* 59, 48 *a.* 48 *b.* 49 *a. and* 49 *b.; Id. lib.* 2, *sec.* 183; 121 *b.; Id. lib.* 3, *sec.* 249, 169 *a.;* 4 *Cruise Dig.* 11, *sec.* 22; *Id.* 115, *sec.* 2. 1 *Shep. T.* 267, 8; 4 *Bac. Abr. Gwill. ed. tit. Leases, Let. T.; Id. let. K.* 163; *Id. let. M.* 183; *Cro. Eliz.* 43; *Id.* 306; 4 *Kent's Com. 1st ed.* 94; 2 *Bl. Com.* 311.

It must also be remembered, that by the common law of England, *all* contracts were divided into *agreements* by *specialty*, and *agreements* by *parol;* there was no such third class, as agreements *in writing*. If they were *written*, and not under seal, they were *parol* agreements. A lease for years written, but not sealed, was a *parol* lease, as well as a lease *unwritten and verbal* only. *Per Ld. Ch. Bar. Skynner, in Rann* v. *Hughes,* 7 *T. R.* 350 *in n.* 2 *Bl. Com.* 297; *Perrine* v. *Cheesman,* 6 *Halst. R.* 177 ; *Ford* v. *Campfield,* 6 *Halst. R.* 332; *Bullock* v. *Walker,* 3 *Johns. Cas.* 65.

Thus stood the law of conveyancing, and of contracts, when the 29 *Car.* 2, *cap.* 3 was passed. The question then occurs, what change did the statute introduce in the mode of creating and transferring the different interests and estates of freehold, and less than freehold, mentioned in the statute? The answer is plain: it abolished the practice of creating estates in fee and all other estates of freehold, by *livery of seizin only;* and prohibited the making of leases for more than three years, by *parol* agreements, not put in writing. It did not prescribe the manner in which such estates should be created or transferred; but only declared, that freehold estates, if made by *livery and seizin only*, and estates for years, if made by *parol*, and *not put in writing*, should operate as estates at will. In whatever way, therefore, such estates might have been created prior to the statute, other than by mere livery of seizin, or by parol, and not put in writing, they may still be created. Now it is

Mayberrry *v.* Johnson.

manifest, that before the statute of frauds, estates of freehold and of inheritance, might have been created by *deed and livery of seizin*, and that leases might have been made by *writing simply*, or to speak technically, by a *parol* agreement reduced to writing.   It follows, therefore, that after the statute of frauds, no estate of freehold could be created or conveyed, but by *deed;* and that a lease for more than three years, could only be made by indenture of lease, or, by parol agreement " in writing signed by the parties."   It is hardly necessary to mention, that the necessity of livery of seizin, was superceded by the intro- ·duction of the deed of bargain and sale, under the statute of uses, 27 *Hen.* VIII: which is now the usual, if not the only mode of conveyance of estates of freehold in this State.— Thus, by resorting to this distributive construction—(a mode of construction not unusual, and often necessary to be adopted,) —the 9th *Section* of the statute of frauds, become plain and intelligible ; and we are able to decide without hesitation, that a lease for more than three years, *in writing*, though not under seal, is good and valid under that statute.

The embarrassment into which the counsel for plaintiff, seems to have fallen, evidently arose from reading the statute *affir- matively ;* that is, as if it enacted that all the interests and estates therein enumerated, should thereafter be made, or created by *writing and signed by the parties, &c.*   Hence he was driven to the conclusion, that leases as well as estates in fee simple, must be created by deed; or else, that conveyances, as well as terms for years, might be made in writing only, not under seal.   The cases of *Rawlins* v. *Turner*, 1 *Ld. Raym.* 736; *Rex* v. *The Inhabitants of Little Dean*, 1 *Str.* 555 ; *Harker* v. *Burbeck*, 3 *Burr.* 1556 ; and *Villiers* v. *Handley*, 2 *Wils.* 49 ; all of which were cited by the plaintiff's counsel, were no doubt calculated to strengthen his conviction, that a lease for more than three years, must be by deed.   In *Rawlins* v. *Turner*, which was decided in 1699, and of course not many years after the 29 *Car.* 2, LD. HOLT, ruled, that a lease for three years to be good *without seal*, within the statute, must be for three years, from the time of making it; and not for three years to be computed from any other time.   From this case, it

is manifest, that Ld. Holt was of opinion, that all leases, except such as were for three years "from the making thereof," should be by deed; and in the margin of that case, it is said, that it was ruled *accordingly*, in *Baker* v. *Reynold, B. R. E.* 25 *Geo.* 3.

In *Rex.* v. *The Inhabitants of Little Dean*, decided in 9 *Geo.* I. it was stated that a man had taken a lease for seven years; to which it was objected that it might have been by parol: *sed per cur.* "then it should have been so stated—we must take it to be by deed; *otherwise it is no lease at all.*"

In *Harker* v. *Burbeck*, LD. MANSFIELD said, that the instrument seemed to be an assignment of the whole interest; or if it was a lease, yet it was for the whole term, and the question was whether such an instrument ought not to be by deed: and finally the court said, the writing was not a lease, because it reserved nothing, and it was not an assignment, because it was not by deed. The case of *Villers* v. *Handley,* was debt on bond against an heir; he pleaded *riens per descent*, except a reversion after a term for 500 years. CLIVE and BATHURST, Justices, (no others being present) gave judgment against the defendant, on demurrer, because the plea did not state that the lease was by deed. But notwithstanding these early decisions, a practical, if not a judicial construction of that statute, has long since determined that a writing not under seal, if signed by the parties, may operate as a lease for years. *Baxter* v. *Brown, 2 Bl. R.* 973, and *Goodtitle* v. *Way,* 1 *T. R.* 735, are two out of a great number of cases to be found in our books, from which it appears, that agreements *in writing* for leases signed, but not sealed, have been held to amount to leases, if in words, in *presenti*, and if it did not appear, upon the whole instrument, that the parties intended it should not take effect until a more formal lease should be prepared and executed. 4 *Bac. Abr. Gwill. title Leases, letter K. Fol.* 160; *Morgan* v. *Bessell,* 3 *Taunt.* 65; *Poole* v. *Bentley,* 12, *East,* 167, and cases there cited.

These agreements are not leases, in strict and legal language —they are more properly *parol. demises* "put in writing and signed by the parties," &c. or written evidence of parol leases.

Mayberry *v.* Johnson.

A *lease*, when we mean thereby, the instrument, is in legal language, an indenture of lease, or a deed; and therefore Bacon and Cruise, and other authors, treat of leases, under the running or general title of deeds. But in common parlance, where it is said a man has a lease for property, nothing more is meant, than that he has a term, or an estate for years in the premises; which may be by *deed*, or a writing not under seal. The former is of itself a lease; the latter, only written evidence of one: and this distinction will be found in several of the cases, when the question has been, whether the instrument did or did not require a stamp.

So far from the statute requiring all estates embraced in the terms, to be made by *deed*, it appears to me that with more plausibility it might be insisted, that freehold estates as well as terms for years, may be created by writing not under seal. The expression used in the statute, "*by parol, and not put in writing*" &c.—implies that if made *by parol, and put in writing*, (which would still upon common law principles, be a parol contract,) it should be sufficient. Hence, it was gravely insisted, so recently as the year 1815, in *Jackson* v. *Wood*, 12 *Johns. R.* 73, that a writing not under seal, was sufficient under the statute of frauds, to pass a fee simple. This position was not sustained by the court, but they admit that no direct decision appears to have been made on the point:—nor can I find any express decision, that a term for years may be created without deed; or at least any case in which the question has come directly before the court, as one arising under the statute of frauds. It is true, that in the case of *Farmer* v. *Rogers*, 2 *Wilson* 26, it was resolved—1st, that before the statute of frauds, a lease for years, either by *deed* or *parol*, might have been surrendered without deed. 2ndly, that by the statute of frauds, a lease for any term of years, may be created without deed: and 3rdly, that such a lease, may now be surrendered by deed, or by *a note in writing*.

It is observable however, that the only point before the court in that case, was whether a term for five hundred years created by deed, could be surrendered without deed. This depended exclusively upon the 3d *Section of* 29 *Car.* 2, which is like

the 10th *Section* of our statute; and of course the second point ruled by the court, was entirely gratuitous. Besides this, it is remarkable that in less than two years afterwards, in the case of *Villers* v. *Handley*, which I have already mentioned, it was decided, (though by two Judges only,) in the same court, that a plea was bad, because it did not state that the *lease* in question was by deed.

The cases of *Fry* v. *Phillips*, 5 *Burr.* 2827, and *Holliday* v. *Marshall*, 6 *Johns. R.* 211; and *Doe* v. *Thomas*, 9 *Barn. and Cress. R.* 288, are all decisions under the 3d *Section of* 29 *Car.* 2, and afford no light upon the question now before us. In that section which relates to the assignment, grant or surrender, of an existing term or estate, the distinction is plainly marked between a *deed* and a *note in writing;* the latter being mentioned as something different from a deed. I have pursued this enquiry farther perhaps than was necessary; but the result has convinced me the more firmly, that a written lease, signed by the party making it, though not sealed, is a good and valid lease within the statute of frauds.

The 2d question arises on the following part of the case. After the writing had been signed by the parties, they delivered it to a person for safe keeping. On a subsequent day, it was verbally agreed between them, that if either party became dissatisfied with the other, before the ten years expired, the lease should be at an end. The lessor in his lifetime, declared himself dissatisfied with the conduct of his lessee, and stated his reasons for it. Before the commencement of this suit, half a year's notice to quit, was duly served on the tenant. Upon these facts, it is contended, the verdict ought to be sustained.

The lease being a valid one, it must be admitted, that by the 3d *Section* of 29 *Car.* 2. (10th *Section* of our statute) it can neither be assigned nor surrendered, but by " deed or note in writing." *Farmer* v. *Rogers*, 2 *Wils.* 26; *Doe* v. *Thomas*, 9 *Barn. and Cress.* 288. It is true the facts stated above, would not, in technical language, amount to a surrender. 4 *Bac. Abr. Gwill. ed. tit. leases, fol.* 209, *let. S.* Nevertheless, the direct object and effect of the evidence would be, to change a lease for years, into a mere estate at will. If the admission

Mayberry *v.* Johnson.

of such evidence, would not conflict with the specific provisions of the statute of frauds, yet it would be at war with its spirit, as well as with the familiar principles of the common law, which prohibit a resort to parol evidence, for the purpose of contradicting, varying, or (except in particular instances) explaining a written contract.

The case of *Perrine* v. *Cheeseman*, 6 *Halst. R.* 174, and what was there said by this court, is supposed by the plaintiff's counsel, to sanction this evidence. But all that was decided in that case was, that an executory agreement in writing, not under seal, may, before breach, be discharged, abandoned or rescinded, by a subsequent unwritten agreement; and that is the whole extent to which the authorities go, that are there cited. This was not an executory contract, but an actual lease; it had taken effect and been executed, so far as respects the lessee's interest and estate in the premises. To suffer that interest and estate to be defeated by parol, would in my opinion, be contrary to law. Here is no pretence of fraud, mistake or surprise in preparing the lease—nor is it the case of a new parol agreement, partly executed. After looking fully into the cases cited in *Perrine* v. *Cheeseman*, and into many others—(*Price* v. *Dyer*, 17 *Ves.* 327; *Townsend* v. *Strangroom*, 6 *Ves.* 328 — *Sudg. Law. Vend. tit. Of parol evidence.*) I am clearly of opinion, that an existing lease for years, can no more be turned into a lease at will, than it can be assigned or surrendered, by parol.

The verdict must be set aside, and judgment be entered for the defendant.

*Judgment for defendant.*