SAMUEL B. COOPER, *Plaintiff in Error*,
*vs.*
WILLIAM A. BLOOD, *Defendant in Error*.

ERROR TO ROCK COUNTY COURT.

Where, under the statute, the plaintiff declares upon the common counts, and serves with his declaration a copy of a promissory note, as his only cause of action, such copy becomes a part of the declaration, and the plaintiff will be confined to that cause of action on the trial.

The effect of the statute is to change the common law rules of pleading.

Where the plaintiff declared in the common counts, and served with his declaration a copy of a promissory note endorsed thereon, as his only cause of action, and the defendants pleaded that the several promises in the declaration mentioned, if any were made by them, were made as sureties, &c., and that the plaintiff had given time to the principal promissor, &c., and the plaintiff replied that he had not extended the time of payment of the said promissory note ; held, that this is not a departure from the declaration.

If improper evidence is allowed to prove a fact which is admitted by the pleadings, the error is immaterial, and the judgment will not be reversed for that cause.

An immaterial error, which can work no injury, will not be allowed to disturb the judgment.

This cause was commenced in the Rock County Court, upon a promissory note. The declaration was in the common counts, with a copy of the note endorsed thereon in conformity with the statute, accompanied with the usual notice, &c. The defendant, Cooper, in the court below, made default. The other defendants below, Otis P. Bicknell, Edwin Bicknell, and Charles H. Bicknell, pleaded specially, " that each, every, and all the said several supposed promises in the said plaintiff's declaration mentioned, if made by them at all, &c.," were made as sureties for Cooper, of which the plaintiff below had notice ; that afterwards, for a valuable consideration, the plaintiff below agreed

with Cooper to give him a further day of payment on all of the several promises mentioned in the said declaration, the said plaintiff well knowing, &c.

To this plea the plaintiff replied, that he never made an agreement with Cooper " extending the time of payment of the note in the said declaration mentioned, or any part thereof," concluding to the country.

The defendants demurred to this replication, and assigned several causes of demurrer. This demurrer was overruled by the court, trial was had and judgment rendered for $459.00 and costs.

Several exceptions were taken on the trial, to the ruling of the court, all of which, necessary to be noticed, appear in the opinion of the court, as also a more detailed statement of facts and points of law argued and determined in this court.

*M. H. Carpenter*, for the plaintiff in error.

The declaration contained only the common counts in assumpsit. Three defendants pleaded that they made " *the promises in the declaration mentioned* as sureties," &c., and that the plaintiff had extended the time of payment, &c. The plaintiff replied that he had not extended the time of payment on " *the promissory note* in the declaration mentioned," &c. We say this replication was a departure, no promissory note having been mentioned in the declaration.

It is conceded that at common law this would be a fatal objection. But it is said that Rev. Stat. chap. 93, sec. 9 and 10, authorize the plaintiff to serve with the declaration a copy of the note to be given under it; and give the defendant notice that the note is his only cause of action ; and that the copy so served, and the notice so given, constitute the declaration. The

# 64 WISCONSIN REPORTS.

slightest attention to the statute, will put this notion to flight. The provisions are as follows:

"Sec. 9. It shall be lawful for the holder of any bill of exchange, or promissory note, hereafter to be made, instead of bringing separate suits against the drawers, endorsers, and acceptors of such bill, or note, to include all or any of the said parties to the said bill or note in one action, and to proceed to judgment and execution in the same manner as though all the defendants were joint contractors.

"Sec. 10. The plaintiff in any such action, and in all other actions on bills of exchange and promissory notes, may declare upon the money counts alone; and any such bill or note may be given in evidence under the money counts, in all cases where a copy of the bill or note shall have been served with the declaration."

The legislature, in creating a new action against different parties to a bill or note, as joint contractors, created rules of pleading and evidence, applicable to such action. In this new action, there was a necessity for, and a meaning in, the above provisions. But as applied to this action, they are without meaning, because the plaintiff could do the same thing, whether he had served the copy of the note or not. The statute does not abrogate the common law, and say that in no case shall a bill or note be given in evidence under the money counts, unless a copy shall have been served. The Chief Justice has repeatedly decided, at the circuit, that under this statute it was not necessary to serve a copy of the bill or note, in those cases where, at common law, the note was proper evidence.

But even conceding, which we do not, that the statute requires the service of a copy in all cases to admit the bill or note in evidence under the money

counts, we say that the requirement as to the service of a copy, is a rule of *evidence*, not pleading. The statute says the plaintiff "may declare on the money counts *alone*. If so, are not the *money counts alone* the plaintiff's declaration? That the copy of the note served is no part of the declaration, is evident, from considering that it is not to be filed, nor to be endorsed on the declaration. It is no part of the record; it is entirely *in pais*. It is said, the object of the copy is to warn the defendant of the real nature of the plaintiff's claim. Be it so. It does not follow that the copy is a part of the declaration. In *Dempster vs. Purnell*, 42 *Eng. C. L.* 201, where the declaration claimed a sum beyond the jurisdiction of the court below, but the bill of particulars limited the claim to an amount within the jurisdiction, Tindall, C. J. said: "I agree, that if the bill of particulars could be used in aid of the declaration, that the sum sought to be recovered was under 40s; but I can see no principle upon which the bill of particulars can be considered a part of the declaration in the court below. In the superior courts, the object of a bill of particulars is to inform the defendant of the nature of the plaintiff's claim, and to limit the proof of the latter to the amount therein mentioned; *but it forms no part of the record itself*." Maul, J. said: "We cannot incorporate the particulars into the declaration." This case is a strong authority for us. For if the bill of particulars, which is intended to warn the defendant of the nature and amount of the plaintiff's claim, which is *filed*, as well as served, is not a part of the declaration, then clearly the copy of the note, that is not filed, cannot be so regarded.

The statute contains two provisions; one relates to

E

Dec. Term
1853.

Cooper
vs.
Blood.

pleading, the other to evidence. First, a rule of pleading: " the plaintiff may declare on the money counts alone"; secondly, a rule of evidence: " and any such bill or note may be given in evidence *under the money counts*, in all cases where a copy," &c.

The construction contended for makes nonsense of the language of the statute, and confounds all distinctions between pleading and evidence. The note is to be given in evidence under the declaration, of course, whatever that declaration is. The statute says it shall be given in evidence under the *money counts*; not under the copy served. Again, the copy is to be served *with* the declaration. Does not this language imply, that, aside from the copy of the note, there is a declaration? a declaration that might be served without the copy of the note?

As to the notice that the note is the plaintiff's only cause of action, it is not recognized by any statute; not regulated by any rule of court. It may, therefore, be written or verbal, express or implied. Yet the counsel seek to make this *notice* an integral portion of the declaration. The declaration, according to this doctrine, is partly pleading, partly evidence; partly record, partly parol; partly on file, partly in the memory of witnesses. When such heresies shall be sanctioned by this court, then it may be said of the science of pleading in Wisconsin:

> " Some relentless foe hath reduced her pride,
> And with one big recoil, hath thrown her back
> To primitive barbarity."

*Wm. S. Rockwell,* for the defendant in error.

1. The replication traverses the averment in the plea that William A. Blood, plaintiff below, agreed

with the defendant, Samuel B. Cooper, to extend the

time of payment. There is no departure from the declaration. If there is, the first error is in the plea; and on demurrer the party committing the first error in pleading must have judgment against him. 11 *Johns.* 482–573 ; 1 *Denio,* 568; 1 *Bur. Prac.* 209, *and cases cited.*

2. The words "one year from date" in the note, prove beyond a doubt that Oct. 13, 1849, was the date of the note, and could not have been intended as the day of payment, or the time to which it was to draw interest at twenty-five per cent. The intention of the parties was unquestionably that the note should draw interest at twenty-five per cent. until paid, as clearly appears from the reading of the note.

Courts both of law and equity, will always so construe contracts as to give effect to the intention of the parties. *Story on Con. sec.* 634 *to* 637.

3. The averment in the declaration, that Charles H. Bicknell and Edwin Bicknell were partners at the time of the contracting, (Oct. 13, 1849,) and the accruing of the indebtedness not being denied by them, according to the provisions of the statute, must be taken as true. *Rev. Stat., p.* 528, *sec.* 90. Proof of the joint liability of the defendants, Edwin Bicknell and Charles H. Bicknell, was not necessary. *Rev. Stat., p.* 528, *sec.* 91.

*By the Court,* Smith, J. The declaration in this case is in the common counts, with a copy of the note endorsed upon it, with the usual notice, and a statement that the suit is brought for no other cause of action.

The copy of the note is as follows : "For value re-

ceived, we jointly and severally promise to pay Wil-liam A. Blood, or bearer, four hundred dollars, one year from date, with interest at twenty-five per cent. until Oct. 13, 1849.

(Signed,)      SAMUEL B. COOPER.

BICKNELL & Co.

O. P. BICKNELL."

The defendant, Cooper, made default. The defendants Otis P. Bicknell, Edwin Bicknell and Charles H. Bicknell pleaded the general issue of non assumpsit, and also a special plea, avering that each and all of the several promises in the declaration mentioned, were made as sureties for Cooper, and that said plaintiff did, at Beloit, on the 26th day of June, 1851, agree with the said Cooper, for a valuable consideration, to give him, the said Cooper, a further day of payment on each and every of the said promises in the declaration mentioned, to-wit : one year from the 26th day of June, 1851, and that he would not sue or collect any of the said several promises mentioned in the declaration, for and until one year from the day last aforesaid, without the knowledge or consent of the said defendants.

To this plea the plaintiff replied that he never made an agreement with Samuel B. Cooper, one of the defendants, extending the time of payment of the note in the said declaration mentioned, or any part thereof, concluding to the country.

The defendants demurred to this replication, assigning several causes of demurrer, the most important of which was, that the replication was a departure from the declaration.

The demurrer was overruled, and the issue of fact was tried by the court. On the trial, the plaintiff in-

troduced the note in evidence, and a witness sworn for

the plaintiff proved the amount of the note, computing the interest at twenty-five per cent., from Oct. 13, 1849, at (deducting endorsements) $495.90.

A witness was then called to prove the partnership of Edwin Bicknell and Charles H. Bicknell, to whom the following question was put by the plaintiff below : "Have you ever seen their advertisements in print, advertising a partnership between them?" The question was objected to by the defendants, but admitted by the court, and exceptions taken, and the answer given in the affirmative.

The defendants contended that there was no testimony tending to show any promise by Charles H. and Edwin Bicknell, and that it did not appear that they were partners when the note was made.

Section 10, of chapter 93, of the Revised Statutes, provides, that in all actions on bills of exchange or promissory notes, the plaintiff may declare upon the money counts alone, and that any such bill or note may be given in evidence under the money counts in all cases where a copy of the bill or note shall have been served with the declaration.

In the case before us, the plaintiff adopted this mode of proceeding, instead of inserting a special count upon the note ; and it is contended by the plaintiff in error that the copy of the note thus given formed no part of the declaration, and that when the plaintiff replied that he had never extended the time of payment of the note, he departed from the original cause of action set out in his declaration.

This provision of the statute is an innovation upon the common law rules of pleading, and may easily lead to confusion, when the defence may require spe-

cial pleading. The plaintiff is permitted to set out in his declaration a distinct cause of action in each of the money counts, and then to inform the defendant that he has in fact no cause of action upon either of them, but that his sole cause of action is upon a promissory note, a copy of which he serves with the declaration. It may well be asked, what rational purpose does the declaration in such cases answer? The legal function of the declaration is to inform the defendant of the matter of complaint against him. Yet the statute, in such cases, strips the declaration of this function, and transfers it to the copy of the note served therewith. It is the copy of the note with the notice which informs the defendant of the cause of action. In view of the office which the copy is made to perform, and of the entire inadequacy of the declaration in the common money counts, for the purpose of the suit, without the service of such copy, it seems necessarily to follow that the note or copy must, in these cases, be taken as a part of the declaration, and as indicating the cause of action. To hold otherwise, would be to deprive the defendant of the power to plead any defence to the note. His plea to the common counts would be no answer to the note, and his plea to the note would be no answer to the declaration. Such an anomoly cannot be tolerated. We think therefore that the demurrer to the plaintiff's replication was not well taken.

We have looked into the anonymous case in Wendell, (19 *Wend.* 226,) cited by the counsel for the plaintiff in error. Tested by the rules and principles of the common law in relation to pleading, the conclusions of the court in that case are doubtless correct in theory, but it is believed they cannot avail in practice.

The change wrought by the statute is purely of a practical character, and having the force of law, the staid philosophy of the common law must yield to the progressive tendency of legislation.

Again, it is urged that the court erred in admitting the question put to the witness, in order to prove the partnership of Edwin and Charles H. Bicknell. Of this there can be no doubt. The question was improper, and the court ought to have sustained the objection of the defendants. But though the court erred in that respect, the error was immaterial. The partnership was sufficiently averred in the declaration, and the time was sufficiently indicated. The averment of partnership had reference as well to the time of the making of the note as to the time of the promises laid in the declaration. The partnership not having been denied by the oath of the parties defendant, did not require proof, and we think that the error of the court in regard to the admission of evidence to prove it, was immaterial, as it did not tend to injure the defendants, or affect their legal liability in any manner.

We have had difficulty in arriving at a proper determination in regard to the construction to be given to the note which is the cause of action in this case. Probably it is not difficult to conjecture what was intended by the parties, but it cannot be said that such intention can be satisfactorily ascertained by an inspection of the instrument itself.

It was undoubtedly competent for the plaintiff below to have shown by proof when the note was actually delivered, and thus to have supplied the omission of the date ; or in other words, have shown when the instrument had an operative existence. But no such proof was offered. The phrase " with interest at twen-

ty-five per cent. until Oct. 13, 1849," without any date, leaves the special contract in regard to interest, in our judgment, inoperative. If we take "Oct. 13, 1849," as the date, then we have no time fixed, or capable of being fixed, until which the note shall draw interest at twenty-five per cent.

But, taking the phrase "Oct. 13, 1849," as the date, and rejecting the phrase, "with interest at the rate of twenty-five per cent. until," as void for uncertainty, we then have a valid contract to pay $400 one year from the date, Oct. 13, 1849. In this view, the plaintiff would be entitled to recover $400 and interest at the legal rate, 7 per cent., after the 13th October, 1850.

On the whole, we have concluded to permit the defendant in error to enter a *remittitur* for the excess over the amount of the note, (after deducting the endorsement,) with interest at 7 per cent. from Oct. 13, 1850 ; or, if he declines this, to reverse the judgment, and leave the parties to their proofs and rights as they may make and establish them by further proceedings.