## SIMON WEINER v. S. V. C. VAN RENSSELAER.

1. Property in the sheriff's hands by virtue of a writ of replevin, is in the custody of the law, and cannot be taken from him by a second writ of replevin, before he has executed his writ.
2. As soon as he has perfected service of the writ, the property may be replevined from the person to whom the officer has delivered it.
3. While the property remains in the sheriff's custody the court may make such order touching it as will enable a third person, who may claim it, to effect service of his writ upon it.

On rule to show cause why writ of replevin should not be set aside.

Argued at June Term, 1881, before Justices DEPUE and VAN SYCKEL.

For the plaintiff, *S. Kalisch.*

For the defendant, *E. C. Harris.*

The opinion of the court was delivered by

VAN SYCKEL, J.  Mary C. Lyon caused to be issued out of the Essex County Circuit Court a writ of replevin against Abner Kalisch, directed and delivered to Van Rensselaer, the defendant in this suit, who was then sheriff of said county, commanding him to replevin certain goods therein specified, then in the possession of the said Abner Kalisch.  Before the expiration of twenty-four hours after the sheriff had served this writ, Simon Weiner issued a writ of replevin out of the Supreme Court and took the same goods out of the sheriff's hands.

The question to be determined arises on a rule to show cause why the writ of replevin last issued be not set aside and the goods and chattels returned to the custody of the sheriff.

As early as the case of *Hallett* v. *Byrt, Carth.* 380, the dis-

tinction between execution and replevin is clearly drawn, as follows :

"And so there is a difference between a replevin and other process of law with respect to the officers, for in the first case, viz., in replevin, they are expressly commanded what to take in specie, but in writs of execution the words are general, to levy of the goods of the party, and therefore 'tis at their peril if they take another man's goods, for in that case an action of trespass will lie."

In *Stimpson* v. *Reynolds*, 14 *Barb*. 506, the court held that "an officer is not protected in taking, under a writ of replevin, the property of a third person, in no way a party to the replevin suit, although the goods seized are the specific chattels which the writ of replevin directs him to take."

In the later case of *Foster* v. *Pettibone*, 20 *Barb*. 350, Mr. Justice Strong, after remarking that this question was not necessarily involved in the case of Stimpson *v.* Reynolds, discusses this point in an able and elaborate argument, furnishing, in my judgment, a complete answer to the reasons upon which Mr. Justice Wright grounded his opinion in the earlier case. He recognized this as a case to which must be applied the familiar principle that process from a court having jurisdiction to issue such process, which is regular on its face, is a perfect protection to a ministerial officer for acts done in obedience to it, and also adverts to the distinction stated in Carthew, between an execution which goes generally against the property of the defendant, and a writ of replevin, which describes the particular property to be seized.

The same rule prevails in New Hampshire, and in other states.

In *Sanborn* v. *Leavitt*, 43 *N. H.* 473, the court says : "The law will not countenance so absurd a thing as to give to every party who claims the property, the right to interfere and prevent the officer from doing what it is the purpose of the writ of replevin to require him to do. The property, while it is passing through the hands of the officer, is in the custody of the law, and the law could not be so inconsistent as to issue

to its officers, compelled to act at their peril, commands wholly incompatible with each other."

To the same effect are the following cases: *Watkins* v. *Page*, 2 *Wis.* 69 ; *Hagan* v. *Denell*, 24 *Ark.* 216 ; *Powell* v. *Bradlee*, 9 *Gill & Johns.* 220 ; *Willard* v. *Kimball*, 10 *Allen* 211.

The doctrine, as stated in *Wells on Replevin*, is fully supported by the decisions.

" The distinction between goods taken on execution and by replevin is marked. In the latter case the identical goods are in the custody of the law, and are before the court to be disposed of as it shall see proper, and the proceeding is so far *in rem* that the goods cannot be seized upon any process until the court shall have taken action. If, therefore, a party finds his goods in the hands of an officer upon a valid writ of replevin, his remedy is by application to the court to be permitted to come in and set up his claim to them, and not by an independent replevin. Whereas, if goods are wrongfully seized by execution, it cannot be said to confer any lien on them, or to bear any resemblance to a proceeding *in rem.*"

While the property remains in the custody of the officer for the purpose of enabling him to deliver it according to the exigency of the writ, it cannot be taken from him by a second writ at the suit of a stranger, but as soon as he has perfected service of the process, the property may be replevied from the person to whom the officer has delivered it, or while it remains in the sheriff's custody it is in the power of the court to make such order touching it, as will enable a third person, who may claim it, to effect service of his writ upon it.

The conclusion is, that the rule to show cause should be made absolute.