## O'BRIEN *v.* SMITH.

*(Supreme Court, General Term, First Department.* February 13, 1891.)

1. LANDLORD AND TENANT—EVICTION—RECOVERY OF RENT.
   Rent due at the time of an eviction of a tenant is recoverable by the lessor.
2. SAME—REMEDIES OF LESSEE.
   If a tenant is not put into possession of the whole of the demised premises, he is not bound to accept a part thereof, but if he does accept a portion he may not plead the landlord's wrongful act or neglect in defense of any action the landlord may bring for the rent, but his proper remedy is to counter-claim for his damage in the landlord's action for the rent, or in an independent suit brought by himself.
3. LEASE—SEAL.
   A lease for five years does not require a seal.
4. PAROL EVIDENCE.
   Where the assignment of the claim sued on is in writing and under seal, testimony that plaintiff was not the real party in interest is properly excluded.

Appeal from circuit court, New York county.

Action by Michael O'Brien against Robert J. Smith. Defendant appeals from a judgment rendered upon a verdict directed in favor of the plaintiff. Questions put to plaintiff's assignor as to whether the witness was acquainted with plaintiff, and whether plaintiff was not bringing the suit as agent, were excluded, upon objection by defendant.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Magner & Hughes,* (*C. Donohue,* of counsel,) for appellant.   *Edward W. S. Johnston,* for respondent.

BARRETT, J.   This action was brought to recover the rent of a house in Brooklyn, under a lease executed by one Margaret Smith (plaintiff's assignor) to defendant.   The term was five years from the 11th day of September, 1883, and the plaintiff claimed the unpaid rent for the ten months commencing on the 11th day of March, 1884.   The defendant in his answer denied the execution of the lease; ignored the assignment from Margaret Smith to the plaintiff; alleged affirmatively—*First,* that the plaintiff is not the real party in interest; and, *second,* that Margaret Smith evicted him from the property before the time for which the plaintiff seeks to recover rent.   He also pleaded a counter-claim for such eviction, and asked to set off the damages resulting therefrom against the rent claimed by the plaintiff.   The counter-claim, however, was stricken out at special term because of the defendant's failure to comply with an order duly made on motion for a bill of particulars, and it need not therefore be noticed further.   Upon the trial the plaintiff proved the lease and assignment.   The defendant then gave some evidence tending to show that he only obtained possession of a part of the house, and that the plaintiff withheld possession of the other part.   He also gave evidence tending to establish an eviction by the foreclosure of a mortgage upon the demised premises, executed prior to the lease.   The sale under the foreclosure judgment occurred on the 31st day of December, 1884, and the deed which the sheriff gave to the purchaser was recorded on the 16th day of January, 1885.   Under the lease, the rent was payable monthly in advance.   Thus the rent sued for was due and unpaid at the time of the alleged eviction.   It is well settled that rent due at the time of an eviction is recoverable, (*Giles* v. *Comstock,* 4 N. Y. 270,) and we need not, therefore, consider the question whether, as matter of fact, the defendant was evicted.   The other point has also been settled adversely to the defendant's contention.   The rule is well stated by Judge McAdam, in his work on Landlord and Tenant, (2d Ed., p. 142,) as follows: "(1) That if the tenant, by any wrongful act or neglect of the landlord, cannot get possession of the whole subject of the demise, he is not bound to accept a part thereof, and may, by declining to take part, plead the landlord's wrongful act or neglect in defense of any action the landlord might bring to recover the rent.   (2) If, however, the tenant accept part, he enters under the demise, and is liable on his covenant for the whole rent, unless the covenant to pay is made dependent on receiving possession of the whole.   (3) The tenant's remedy is to recover his damages arising from the failure to receive full possession, either by way of counter-claim to the original action for rent or by way of an independent action."   This doctrine is supported by the authorities.   "An eviction," as was said in *Vanderpool* v. *Smith,* 4 Abb. Dec. 464, "consists in taking from a tenant some part of the demised premises of which he was in possession, not in refusing to put in possession of something which by the agreement of the parties he ought to have enjoyed.   The omission of a landlord, therefore, to perform such covenant, does not amount to an eviction, and is no bar to the lessor's claim for rent. The lessee's remedy is by an action to recover damages for a breach of the covenant."   The same language was used by Chief Justice SAVAGE in *Etheridge* v. *Osborne,* 12 Wend. 529, and his opinion to that effect is quoted with

approval in *Vanderpool* v. *Smith*. There can be no doubt that the defendant's remedy, if he failed to receive full possession, was, as stated by Judge McAdam, by way of counter-claim or independent action. Having entered under the demise, he is liable on his covenant for the rent reserved. The point was taken at the trial that the lease, being for five years, should be under seal. This point is not pressed upon the appellant's brief, and we need not refer to it further than to say that the lease, being a chattel interest, and not a freehold estate, did not require a seal. *Warren* v. *Leland*, 2 Barb. 618; *Stoddard* v. *Whiting*, 46 N. Y. 633; and see *Babcock* v. *Utter*, 1 Abb. Dec. 36.

The only other point presented by the appellant is the claim of error in ruling out the questions put to Margaret Smith, with regard to the assignment of the claim to the plaintiff. These questions were properly excluded, upon the authority of *Sheridan* v. *Mayor*, 68 N. Y. 30. The assignment was in writing, and under seal, and it was a valid transfer, as against the assignor. As was said by CHURCH, C. J., in the case cited: "The defendant had no legal interest to inquire further." The verdict was properly directed. Each party moved for a direction in his favor. No request was made to go to the jury. The facts amply justified the ruling of the learned judge, and the judgment should accordingly be affirmed, with costs. All concur.