WOOLSEY, Appellant, vs. HENKE and others, Respondents.

*April 8—May 2, 1905.*

*Pleading: Statutory presumption from failure to deny allegation of partnership: Leases: Authority of partner: Evidence.*

1. Sec. 4197, Stats. 1898, raises an irrebuttable presumption that the allegations are true whenever the pleadings allege that the plaintiff or defendant or third persons were partners at any particular time.

2. A complaint alleging that the defendants were partners "at all the times hereinafter mentioned," and then proceeding to mention a leasing on a certain date, a taking possession by defendants pursuant to such lease, and an occupation by them until a certain amount of rent had been earned, does not limit the allegation of partnership to the date of making the lease, but notifies the defendants that plaintiff claims them to be asso-

ciated in partnership from the date of the lease for all the time mentioned.

3. In such case the fact of partnership, during all the time involved in the earning of the rent claimed, having been alleged by the plaintiff and not denied in the manner required by sec. 4197, Stats. 1898, must be taken to exist, and this, added to the further facts found by the court, that the lease in question was made by defendants' manager and that defendants had failed to pay a sum of rent earned thereon, entitled plaintiff to judgment.

4. In such case, it appearing that defendants' business was the editing and publishing of a newspaper, the leasing of premises in which to conduct such business was within the general scope of such business, *prima facie* authorizing one partner to bind the firm therefor.

5. The presence of a seal on a lease for five years is wholly unnecessary. Such a lease, though sealed, stands upon the same footing as any other nonspecialty written contract, and therefore the fact that it was made on behalf of a partnership is open to extrinsic proof, although signed in the name of one partner.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Reversed.*

The complaint alleged, in the first paragraph, that "at all the times hereinafter mentioned the defendants were copartners, and doing business as a publishing company, under the firm name and style of Baldwin Publishing Company;" that on July 10, 1900, the plaintiff leased to the defendants certain premises, at $4 per month, for the term of five years; that plaintiff performed all the covenants of said lease; that the defendants, pursuant to said lease, took possession and occupied the premises, failed to pay any rent except $32, and that $80 was still due plaintiff therefor. The answer was a general denial, with no affidavit specifically denying the existence or name of the partnership. It appeared that the written lease was executed by *C. W. Henke,* as manager of the Baldwin Publishing Company, on August 13, 1900, and that the premises were occupied for the publishing of a newspaper under the detail management of said *Henke,* but under the name of the Baldwin Publishing Company. Evidence was

offered, over objection, that no partnership existed between said parties prior to September 1, 1900. The court held that by the pleadings the existence of a partnership on the 10th day of July, 1900, only, was established, and found that by the evidence the nonexistence of said partnership at the time of the execution of the lease was proved, and accordingly decided that the complaint must be dismissed, the defendant *Henke* not having been served with process and no liability being established against the other defendants. From judgment accordingly plaintiff appeals.

For the appellant the cause was submitted on the brief of *A. J. Kinney,* and for the respondents on that of *Baker & Haven.*

Dodge, J. The statute (sec. 4197, Stats. 1898) raises the irrebuttable presumption that the allegations are true whenever the pleadings allege "that the plaintiff or defendant or third persons were partners at any particular time." The complaint in question alleges that the defendants were partners "at all the times hereinafter mentioned." It then proceeds to mention a leasing on the 10th day of July, 1900, a taking possession by the defendants pursuant to said lease, and an occupation by them until twenty-eight months of rent had been earned. We cannot agree with the trial court that the only particular time at which partnership is alleged is July 10, 1900. That is the time alleged for the making of the lease, but the allegation of partnership is clearly not confined thereto, for it extends to all of the times thereafter mentioned. We think there can be no doubt that defendants were notified, by any reasonable construction of this complaint, that plaintiff claimed them to be associated in partnership from the 10th day of July up to the time for which the rent was demanded. Pleadings are to be construed liberally in the interest of justice, and, in the absence of apparent evasion or misleading, should be deemed to allege all that of

which they may reasonably be supposed to convey notice to the opposite party. This statute has already been accorded such liberality of construction as not to require a specification by days and dates of all the times at which it shall be deemed to allege partnership. *Cooper v. Blood,* 2 Wis. 62. The fact of partnership, then, during all of the time involved in the earning of the rent claimed, having been alleged by the plaintiff and not denied in the manner required by sec. 4197, Stats. 1898, must be taken to exist. Upon this, added to the further facts found by the court, that the defendant *Henke,* as manager of that partnership, made the lease in question, and that the defendants have failed to pay the sum of $80 of rent earned thereon, plaintiff is entitled to judgment for that sum, together with interest from November 10, 1902, the time at which it would have been due under the terms of the lease.

The respondents urge, as an obstacle to this conclusion, that there is no finding of fact that *Henke* had any authority, as a partner, to bind the firm to the making of a lease. The evidence is uncontradicted that the business involved was the editing and publishing of a local newspaper. We have no hesitation in holding that the leasing of premises in which to conduct it is within the general scope of such a business, and hence that there exists *prima facie* authority in a partner to bind the firm therefor. *Stillman v. Harvey,* 47 Conn. 26; *Seaman v. Ascherman,* 57 Wis. 547, 15 N. W. 788. Besides this, however, it is established that the premises were occupied for the purposes of the business, and it is conceded that after about September 1st a partnership for the publication of said paper did exist.

Another contention against respondents' liability is that the lease, a sealed instrument, was signed, not in the name of the firm, but by *Henke* in his own name. The presence of a seal is immaterial, for it was wholly unnecessary. The lease, therefore, stands upon the same footing as any other

nonspecialty written contract.  *Stowell v. Eldred,* 39 Wis. 614; *Kirschbon v. Bonzel,* 67 Wis. 178, 29 N. W. 907; *Northern Nat. Bank v. Lewis,* 78 Wis. 475, 481, 47 N. W. 834.   The fact that it was made on behalf of the partnership was open to extrinsic proof, although signed in the name of one partner.   The instrument itself declares that *Henke* acted therein as manager for the Baldwin Publishing Company, and the court finds "that the property was leased to him in that capacity."   The evidence of the plaintiff that it was leased and occupied for the business of that concern, consisting of the defendants here named as partners, is undisputed.   We can entertain no doubt that the fact that the lease was made for the benefit of the partnership, and not for *Henke* individually, was established without contradiction. We therefore find nothing which can avert the conclusion, above stated, that upon the pleadings and evidence the plaintiff was entitled to judgment.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the prayer of the complaint.