**REX LIQUOR STORES, Inc., v. McCART.**

No. 2341.

Court of Civil Appeals of Texas. Waco.

May 22, 1941.

Rehearing Denied June 19, 1941.

Newberry & Nye and Montgomery & Campbell, all of Dallas, for appellant.

Malone, Lipscomb, White & Seay and John Plunket, all of Dallas, for appellee.

HALE, Justice.

Appellee, Mrs. Lizzie McCart, sued appellant, Rex Liquor Stores, Inc., for the breach of a written lease contract covering a storeroom in her two-story brick building situated in Dallas, Texas. The contract was signed by appellee as lessor and by T. J. Settle as lessee under date of January 17, 1938, and provided a lease and demise of the room located at 301 South Akard Street to be used as a package store for a period of twenty-four months at a rental of $145 per month. Appellee alleged that one Bolanz was her agent in the transaction and that T. J. Settle was acting as the authorized but undisclosed agent of appellant in negotiating and executing the contract; that appellant had ratified the contract by occupation of the premises and, having accepted the benefits of such contract, it was estopped to deny the agency or authority of Settle to act for it in signing the same.

The jury found from a preponderance of the evidence on special issues that Settle signed the contract as lessee for and on behalf of appellant, which he was duly authorized to do; that appellant thereafter occupied the building for the purposes for which it was leased and paid the rent to appellee until about September 1, 1938, with knowledge of the terms and contents of the lease, which acts on its part constituted a ratification by it of the acts of Settle in signing such contract. The jury failed to find from a preponderance of the evidence that it was the intention of Settle to execute the contract for and on behalf of a partnership composed of himself and Ben F. Stout, or that Bolanz believed at the time of the execution of the instrument that Settle was making the lease for and on behalf of appellant. Upon motion of appellee, the court rendered judgment on the verdict of the jury in her favor and thereafter overruled appellant's motion for new trial, from which this appeal has been duly perfected.

Appellant asserts by appropriate assignments that the trial court erred in overruling its timely objections to the admissibility of the evidence by which appellee sought to establish her cause of action and in refusing its seasonable request for an

instructed verdict and in rendering judgment against it. Its contentions on the appeal are presented under two propositions, which are substantially as follows: (1) That the lease sued upon was a specialty contract or covenant at common law which was required to be under seal and as such it could not be varied by parol or extrinsic evidence to show that T. J. Settle executed the same for and on behalf of appellant, or that appellant ratified such lease; and (2) that the evidence in the case was insufficient to show "by clear and convincing proof and the manifest preponderance of the evidence that the lease in question was executed for and on behalf of appellant as an undisclosed principal, and that Settle was authorized to execute the lease for appellant, or that appellant occupied the property and thus ratified the lease." We will discuss these two propositions in the order mentioned.

The lease contract provided that it was made upon certain conditions and covenants, some of which were that lessee should pay the rent monthly in advance, should take good care of the property and suffer no waste, keep and maintain the premises in good repair, make no improvements without the consent of lessor, obey all laws and ordinances applicable to the premises, not assign or sub-let the same without the written consent of lessor, and at the termination of the lease deliver up the demised premises in good order and condition. It is not contended that the lease was actually signed under seal, but it is asserted that since the instrument provided a lease and demise of realty for a period of years and contained express and implied covenants, it is such an instrument as was required under the common law to be executed under seal and therefore neither extrinsic nor parol evidence was competent to prove the allegations of appellee.

It is established by the Texas decisions that a deed of conveyance of real property is such an instrument as was required at common law to be executed under seal and consequently parol, extrinsic evidence is not admissible or competent to impose legal liability upon a grantee in a deed as an undisclosed principal. Sanger v. Warren, 91 Tex. 472, 44 S.W. 477, 66 Am.St.Rep. 913; Manley v. Noblitt, Tex. Civ.App., 180 S.W. 1154, error refused; Salopek v. Logan, Tex.Civ.App., 256 S.W.

299; Farrier v. Hopkins, 131 Tex. 75, 112 S.W.2d 182. Under the English common law a written lease of realty could undoubtedly be executed under seal and thereby make of such an agreement a specialty contract. However, we have found no Texas case holding that a lease contract covering one room in a building for a term of two years and containing mutual covenants, express or implied, is such an instrument as was *required* at common law to be executed under seal, and we think the weight of the authority and better reasoning in other jurisdictions is against such holding. Mayberry v. Johnson, 15 N.J.L. 116; Baxley Hardware Co. v. Morris, 165 Ga. 359, 140 S.E. 869; O'Brien v. Smith, 59 Hun. 624, 13 N.Y.S. 408; Alfano v. Donnelly, 285 Mass. 554, 189 N.E. 610; Kreppelt v. Greer, Mo.App., 218 S.W. 354; Woolsey v. Henke, 125 Wis. 134, 103 N.W. 267; Ottman v. Nixon-Nirdlinger, 301 Pa. 234, 151 A. 879.

In the case of Heffron v. Pollard, 73 Tex. 96, 11 S.W. 165, 166, 15 Am.St. Rep. 764, the Supreme Court of Texas had before it a written contract for the sale of personal property. With reference to the admissibility of parol evidence to establish the liability of an undisclosed principal for whose benefit such contract is executed, the court there said: "If the principal be not disclosed, it is universally conceded, as to non-negotiable contracts not under seal, that parol evidence is admissible to show the principal, and to hold him liable upon a contract made in the name of the agent for his benefit. This may seem to be an exception to the rule that parol evidence is not admissible to vary the terms of a written contract, but it is not so held. It is said not to vary the terms of the contract, but to bring in a new party, whom the law holds bound by reason of his relation to the party in whose name it is executed for his benefit. In such a case the principal may either sue or be sued. But a plaintiff cannot sue both; he must make his election." We are of the opinion that the instrument before us is a simple, non-negotiable contract, which, under the common law, was not required to be under seal, and that extrinsic or parol evidence was admissible and competent to prove that Settle executed the same for and on behalf of appellant. Warburton v. Wilkinson, Tex.Civ.App., 182 S.W. 711; Fort Terret Ranch Co. v. Bell, Tex.Civ.App.,

275 S.W. 81; Diacomis v. Wright, Tex. Com.App., 34 S.W.2d 806; 2 Tex.Jur., p. 560; 3 C.J.S., Agency, § 244, page 172.

On the trial of this case the parties introduced in evidence twenty-seven written exhibits and produced eleven witnesses who testified verbally. The documentary evidence showed that appellant was incorporated in August, 1937, with a capital stock of $2,000, divided into twenty shares; that Settle and his wife were two of the three original incorporators and directors, he having subscribed and paid for eighteen shares and his wife for one share; that application was made to Texas Liquor Control Board by "Rex Liquor Store No. 4, Inc.," for a package store permit to sell liquor in the leased premises at 301 South Akard Street in Dallas, which application recited that the applicant was a corporation and was a lessee under appellee, and which application was duly advertised for hearing in Austin, Texas, before said Board on January 22, 1938, and that such permit was duly issued; that the rental due on the leased premises was paid in the months of February, March, April, May and June of 1938, with five separate checks drawn on Mercantile National Bank at Dallas by "Rex Liquor Store No. 4, Inc."; that appellant's right to do business was forfeited on July 2, 1938, for failure to pay franchise taxes.

It was further shown by written exhibits that additional sworn applications were made to Texas Liquor Control Board for permits on dates and at premises as follows: In August, 1937, by "Rex Liquor Store, Inc., No. 2", at 4309 Oaklawn Avenue in Dallas; in August, 1937, by "Rex Liquor Store, Inc., No. 3", at 1300 Commerce Street in Dallas; in August, 1938, by "Rex Liquor Store, Inc., No. 4", at 3515 Oaklawn Avenue in Dallas; in September, 1939, by "Rex Liquor Store, Inc., No. 1", at 1336 Commerce Street in Dallas. The application for permit made in August, 1938, by "Rex Liquor Store, Inc., No. 4", stated that the applicant was a corporation, and that it was changing its address from 301 South Akard to 3515 Oaklawn Avenue. A duly authenticated certificate of the Secretary of State showed that "Rex Liquor Store No. 4" never had any authority to transact business in the State of Texas as either a domestic or foreign corporation, but that "Rex Liquor Store, Inc.," was incorporated under the Texas laws on August 24, 1937, with its principal place of business located in Dallas, Texas, and that such corporation was in good standing as of the date of said certificate on November 3, 1939. The written lease agreement signed by the owner of the premises at 3515 Oaklawn Avenue on August 6, 1938, to which location the store No. 4 was moved in September, 1938, showed that such lease was made to "Rex Liquor Store, Inc.," a corporation, and that such lease was signed on behalf of the corporation by Settle as its president. A letterhead showing on the margin thereof the name, location and telephone number of separate Rex Liquor Stores, carried the name of T. J. Settle, under the heading: "Dallas' Most Complete and Exclusive Wine and Liquor Stores."

The witness Settle testified that he was president and general manager of the appellant corporation when it was first organized; that about one month after its incorporation, he transferred his stock to his wife, who paid him $1,800 for the same; that three of the stores known and operated in Dallas as Rex Liquor Stores were owned and operated by appellant, but that "Rex Liquor Stores, Inc., No. 4", while located and operated at 301 South Akard Street in Dallas, was owned and operated by himself and Ben F. Stout as a partnership; that the store which was operated as a partnership in the premises leased from appellee was not a success and that it lost money during each of the several months it was so operated; that in November, 1939, after this lawsuit had been filed, he again acquired some stock in the appellant corporation and was the president of the same at the time of the trial.

The witness Bolanz testified that he was the authorized agent of appellee in negotiating with Settle for the execution of the lease contract and in collecting the rentals due thereunder; that he had been representing appellee as her rental agent for approximately 25 years; that he had dealt with Settle concerning prior leases of other property on behalf of Rex Liquor Stores and knew that Settle operated such stores, but did not know at the time when this lease was executed that there was any corporation in existence which had anything to do with any of the stores and believed that Rex Liquor Stores was only the trade name under which Settle operated as an individual.

It is obvious that any attempt on our part to set out the substance of all the

documentary evidence and of the widely conflicting verbal testimony adduced on the trial of this case, even in the briefest summary, would require the opinion to be prolonged beyond due bounds. We do not deem any further statement or discussion necessary. We have reviewed all of the evidence introduced and are of the opinion that the same was sufficient to sustain the findings made by the jury.

It follows from what we have said that all of appellant's assignments are overruled, and the judgment of the trial court is affirmed.