## ALLEN vs. PELL & LESTER.

A *tenant* cannot *set-off* damage sustained by the breach of his landlord's agreement to finish or repair a house, against a demand for rent,

ERROR from the New-York common pleas. Allen took a lease of Pell of a house in the city of New-York for one year from 1st of May, 1825, at a rent of $200, to be paid quarterly; the rent of the first quarter not to commence until the 15th of May, in consideration that the house might not be quite finished. Allen entered into possession about the 1st of June; the house was not then finished; the chimneys were not completed; the hearths were laid and plastering done, and the door and stoop were finished after he entered. He paid the three last quarter's rent, but refused to pay the first quarter's rent. The landlord distrained by his bailiff Lester, and the tenant Allen, brought replevin, and to an avowry and cognizance pleaded 1st, no rent in arrear; 2d, that Pell was bound to finish the house for occupancy by the 15th day of May; that he did not do it, and that by means thereof the plaintiff could not and did not hold and enjoy the dwelling-house as tenant thereof for the space of one quarter of a year, commencing on the 15th of May, 1825; and 3d, a plea similar to the second. The defendants took issue upon the first plea, and to the second and third pleas replied that the plaintiff could and did hold and enjoy the dwelling-house as ten-

NEW-YORK,
May, 1830.

Allen
v.
Pell.

ant to Pell for the quarter commencing the 15th of May. On the trial of the cause the judge ruled that evidence that Pell had omitted to finish the house by the time stipulated was inadmissible, but that it was competent for the plaintiff to shew that he did not occupy the premises during the first quarter or any part of it. The above facts then appeared, and the judge charged the jury that the evidence was sufficient to authorize them to find the issues in favor of the defendants; the jury found for the defendants, found the rent to be $33,33, and the value of the property distrained $44,49. The plaintiff excepted to the decisions made, and judgment was rendered for the defendants.

*G. Wilson,* for plaintiff.

*P. Ruggles,* for defendants.

*By the Court,* SUTHERLAND, J. The evidence offered by the plaintiff to shew that Mr. Pell had not complied with his agreement in finishing the house by the time stipulated, and that the premises were out of repair, was properly rejected by the judge. He ruled correctly, that if the plaintiff actually took possession of and occupied the house it was no excuse for the non-payment of rent that the house was out of repair, or that the defendant had not complied with his agreement; his remedy is by action for the breach of the agreement. The fact of taking possession under a contract or lease creates a tenancy, and subjects the tenant to the payment of rent; and he cannot off-set any damage which may have accrued from the breach of his landlord's agreement. This appears to be well settled. . (1 Saund. 204, n, 2. Cowp. 242. 1 T. R. 310.   11 Johns. R. 495. 8 id. 44.)

Judgment affirmed.