ALBANY<br>Oct. 183 ~<br>Etheridge<br>v.<br>Osborn.

---

ETHERIDGE vs. OSBORN.

The failure of a *lessor* to perform certain covenants contained in the lease which if performed would render the demised premises more valuable, is no bar to the lessor's claim for *rent;* the remedy of the *lessee* is by *action* to recover damages for the breach of the covenants.

The omission of the *landlord* to perform his covenants, does not amount to an *eviction.* There cannot be an eviction from that which has never been enjoyed. An eviction, consists in taking from the *tenant* some part of the demised premises of which he was in possession; not in refusing to put him into possession of that which by the agreement he ought to have enjoyed.

ERROR from the Herkimer common pleas. Osborn sued Etheridge in an action of *replevin* for the taking and detaining of a quantity of hemlock boards, &c. The defendant *avowed* the taking, as and for a distress for rent of certain premises occupied by the plaintiff under a lease from the defendant, averring that $75, the rent of the premises for one year, due on the 1st April, 1829, remained unpaid, and that for that cause he took the boards, &c. The plaintiff pleaded to the avowry, 1. *non tenuit*, 2. *riens in arrere*, and 3. that by the lease under which he held the premises, bearing date 27th September, 1825, the defendant covenanted to construct a raceway of specified dimensions, to conduct water from the West Canada Creek through the lot of which the demised premises were a part, so as to contain a given quantity of water, which the plaintiff was to have the privilege of using in the working of

a saw-mill; the raceway to be constructed in the summer of 1826. The plaintiff averred that the defendant did not, in the year 1826, construct the raceway of the prescribed dimensions, and that in consequence thereof he had not been able to enjoy the premises; and that for the year ending 1st April, 1829, the same had been wholly useless to him.  4. Another plea, the same in substance as the third, with the addition of an averment that the whole use and benefit of the demised premises to the plaintiff depended upon the enjoyment of the raceway.  The defendant replied to the third plea, that he *performed* all and singular the covenants on his part undertaken; and to the fourth plea he put in a similar replication, *traversing* that the whole use and benefit of the demised premises depended upon the enjoyment of the raceway.

On these pleadings the parties went to trial. It was admitted that the plaintiff was in possession of, and held the demised premises, during the year ending 1st April, 1829, and that the rent of that year had not been paid. It was *agreed* that the question how much the rent should be reduced by reason that the saw-mill of the plaintiff did not run during all the summer of 1828, should be submitted to the jury on the evidence taken in the cause, and that the court should order such verdict on the issues as to them should seem proper, with liberty to either party to turn the case into a special verdict or bill of exceptions. The bill of exceptions states that the jury, after making such deductions for the cause aforesaid, brought in a verdict for the defendant for $68. The defendant insisted before the common pleas, that the issues arising upon the special pleas were *immaterial issues*, amounting to no more than the plea of *riens in arrere*, and that he, the defendant, was entitled to recover the whole amount of the rent avowed for; and if not the whole of such rent, yet he was entitled to the sum found by the jury. The common pleas decided that, according to the true construction of the lease, and under the pleadings in the cause, the *defendant was not entitled to recover* either of such amounts, and that *notwithstanding the verdict*, the plaintiff was entitled to judgment for six cents damages and six cents costs; to which decision the defendant excepted. A verdict was accordingly entered upon the record, by which

the jury find the issues upon the two first pleas of *non-tenuit* and *riens in arrere* for the plaintiff; upon the third plea, that the defendant did not perform his covenants, and upon the fourth, that he did not perform, and that all and singular the use and benefit of the demised premises depended upon the enjoyment of the raceway. Upon which verdict a judgment for the plaintiff for 6 cents damages and 6 cents costs, together with costs of increase was entered. The defendant sued out a writ of error.

*A. Hackley*, for the plaintiff in error.

*L. Ford*, for the defendant in error.

*By the Court*, SAVAGE, Ch. J. The only question properly arising upon this bill of exceptions is, whether, under the lease between the parties, occupation by the tenant being admitted, the landlord was entitled to rent.

The lease is admitted by the pleadings. None of the evidence on the trial is stated, except an admission, that the tenant was in possession, and that he occupied the premises for the time for which rent was claimed, and that no rent had been paid. On this statement there can be no doubt that rent must be paid. It is the express stipulation of the parties that it shall be paid ; it is reserved by the lessor ; the lessee covenants to pay it, and it is agreed, that if it shall not be paid in 30 days after the day on which it is stipulated to be paid, the landlord may distrain; there is no room for argument about it. The cause seems to have been tried upon the assumption, that the tenant had not enjoyed the full benefit of the water for the use of his saw-mill: and that this deficiency arose from the fault of the landlord, in not making a sufficient raceway. This statement of facts will not relieve the tenant from the payment of the rent, unless there has been some act on the part of the landlord which amounts to an eviction, in whole or in part, from the demised premises. That has not been shown. When the lease was executed, the raceway had not been dug, but the landlord covenanted that he would dig it. If it was not done at all, the tenant should not have taken possession,

ALBANY,
Oct. 1834.

Etheridge
v.
Osborn.

ALBANY,
Oct. 1834.

Etheridge
v.
Osborn.

if he did not intend to pay rent; but having taken possession, and occupied the premises, the rent must be paid. In this respect the case is very much like that of *Allen* v. *Pell*, 4 Wendell, 505. There the landlord let an unfinished house and agreed to finish it by a certain day, but did not do it. It was held by the common pleas of New-York, and also by this court, that if the tenant actually occupied the house, he was bound to pay the rent, and had his remedy against the landlord upon his covenant; but could not set off such unliquidated *damages against* the rent. The fact of possession subjects the tenant to the payment of rent, unless there has been an eviction. In this case there has been no eviction. An eviction consists in taking from the tenant some part of the demised premises of which he was in possession; not in refusing to put him in possession of something which, by the agreement, he ought to have enjoyed. A tenant cannot be evicted from that which he never possessed. It is impossible therefore, upon the assumed state of facts, that there can have been an eviction. Had the landlord, after the raceway was dug, and the water let in, and enjoyment by the tenant, subsequently diverted the water from the raceway, or a part of it, that I think would have amounted to an eviction, within the case of *Lewis* v. *Payn*, 4 Wendell, 423, and *Dyett* v. *Pendleton*, 8 Cowen, 727, which last case, in the court of errors carried the doctrine of eviction to its utmost verge. That doctrine being inapplicable here, and the damages sustained by the tenant for the breaches of covenant by the landlord not being a proper subject of set-off, it follows that the tenant must pay the rent, and sue the landlord upon his covenant to obtain redress, if his covenants have been broken. These are the principles which must govern in the decision of this case; it follows that the defendant is entitled to a judgment upon his avowry, notwithstanding a verdict may have passed for the plaintiff on the third and fourth pleas.

The judgment in the court below must be reversed, with costs; *venire de novo* to be awarded by Herkimer common pleas.