By the Court,

Nelson, C. J.
The landlord may recover in the action for use and occupation, though the tenant has deserted the premises, provided the contract still remains in force; in the language of Gibbs, C. J. in White, head v. Clifford, 5 Taunt. 503. the action depends upon actual occupation, or upon an occupation the defendant might have had, if he had [ *572 ] not voluntarily abstained from it. See also 2 *Starkie’s Ev. 353, and cases, 5 Bing. N. C. 501; Comyn’s Land. & Ten. 450 ; 4 Taunt. 45.
Then, was the defendant justified in putting an end to the lease on account of the noxious smell, set up as a defence in this case ? It must be assumed, that no fraud was practised upon him by the plaintiff, as that has been negatived by the jury. It appears, also, that the alleged nuisance existed at and before the defendant made the contract and entered into possession ; and that it arose from the carcasses of dead rats under the steps of the house. The discovery was made by the succeeding tenant; and it seems to me that ordinary vigilance on the part of the defendant would have enabled him to have done the same. He not only appears to have been remiss in this respect himself, but even refused to allow a me. chanic, sent by the plaintiff, to take the necessary steps to detect and remove the cause of the nuisance. It was readily removable when discovered, and in its own nature was of but temporary duration. It is an inconvenience to which all dwellings are more or less subject at times; but which, with ordinary skill and attention, may be abated by the tenant. It would, I apprehend, be the introduction of a new principle into the law of landlord and tenant, and one liable to great abuse, to give countenance to this defence.
*513 In the ease of Izon v. Groton and another, 5 Bing. N. C. 501, the upper rooms, which the defendants occupied, had become uninhabitable on account of damage done accidentally by fire, yet this action was held to lie for rent accruing subsequent thereto, until the regular termination of the tenancy. The defendants held under a parol lease from year to year, which terminated on the usual notice.
I do not deny, but that, if the defendant had been entitled to damages for not repairing in this case, they might have been set up by way of reducing or extinguishing the rent within Reab v. McAlister, 8 Wendell, 109, and kindred cases. This view was not intended to be questioned or impaired in Etherbridge v. Osborn, 12 Wendell, 529, by the late chief justice. That was an action of replevin by the tenant, whose property had been distrained for the rent; the ground taken by him was, that the breach of covenant of the lessor *in the particular case deprived [ *673 ] the tenant of the full enjoyment of the premises, and. operated as a virtual eviction. This ground was denied, by the chief justice holding, that the breach did not amount to an eviction; and that the only remedy was an action upon the covenant. Had the landlord sued for the rent instead of resorting to the remedy by distress, the doctrine of Real v. McAlister would have been applicable.
In the case before us, though the court, I think, erred in holding, that if the tenant was entitled to damages for not removing the nuisance, he must resort to his cross action, and could not set them up by way of defence to the rent; still, as we are of opinion that no right to such damages legally existed on the part of the defendant, as the inconvenience was one that did not come within the contract of the landlord to remove, no injustice has been done, and the judgment of the court below should be affirmed.
Judgment affirmed.