*286
 
 Bronson, J.
 

 The first plea in bar to the avowries impliedly admits that the plaintiff took and held possession of the demised premises nearly four months of the term. Of course there is nothing in toe argument that the agreement never went into effect m consequence of the defendant’s neglect to complete the building in proper time.
 

 The plea is bad for not answering all, that it professes to answer. The rent was payable quarter-yearly in advance; and the quarter’s rent for which the defendant distrained became due and payable on the first day of August—more than twenty days before the plaintiff abandoned the premises. If the plea answers any part, it clearly does not answer the whole of the claim set up in the avowries, and is bad for that reason.
 

 ' The plea, is relied on by way of recoupment. But that is a matter which is never pleaded in bar. It is in the nature of a cross-action. The right of the plaintiff to sue is admitted; but the defendant says, he has been injured by the breach of another branch of the same contract on which the action is founded, and claims to stop, cut off, or keep back' so much of the plaintiff’s damages as will satisfy the damages which have been sustained by the defendant. If such a matter could be pleaded in bar of the action, it would be necessary to aver that the defendant’s damages exceeded, or were at the least equal to those due to the plaintiff: for otherwise the plea wohld not answer the whole action, and would be bad for that reason. But it is not a case for pleading in bar under any circumstances.
 

 The second plea in bar to the avowries is not the usual answer of no rent in arrear. But the plaintiff denies, that the one hundred and twelve and a half dollars mentioned in the avowries “ ever became or were due.” As the quarter day when the rent became payable had passed, no one can tell what the plaintiff means by saying the rent never became due. If the meaning is, that rent cannot be made payable in advance of the enjoyment of the property, the plaintiff is mistaken in point of law. The plea is without a precedent, and is clearly bad.
 

 The surrender of the premises set up by the fourth plea in bar was after the quarter’s rent distrained for had become due, and after the d; stress had been made: and whatever other con
 
 *287
 
 sequences may have resulted from the surrender, it could not have the effect of rendering the original taking tortious, so that the plaintiff could maintain replevin in the
 
 cepit.
 
 If the times mentioned in the pleadings are not material, still the plaintiff should have alleged, that the surrender was prior to the distress, if not prior to the time when the rent fell due. The plea cannot be supported.
 

 There is another objection common to all of the pleas. Each one attempts to answer both avowries, by'averring that the premises and the rent mentioned in both are the same, which is not good pleading.
 
 (Sterry
 
 v.
 
 Schuyler, 24 Wend.
 
 487;
 
 Seneca Road
 
 v.
 
 Auburn & Rochester R. R.,
 
 5
 
 Hill,
 
 170.) But it is, perhaps, a sufficient answer to this objection, that the second avowry is bad in substance. It does not show that there was any tenancy, or that the defendant was landlord.
 
 (Hill v. Stocking,
 
 6
 
 Hill,
 
 277.) Being bad, the avowry called for no answer. But the pleas in bar must fail on.other grounds, as we have already seen.
 

 The first avowry does not show that the defendant had title to the demised premises, and would be bad at the common law for that reason. And it is said that the case is not within the statute allowing a general
 
 avowry, without setting forth the
 
 landlord’s title, because the rent was payable in advance, and the plaintiff, at the time of the distress, had not enjoyed the property during all the period for which the rent was to be paid.
 
 [2 R. S.
 
 529, § 41.) But that is a narrow construction of the statute, and one which will often defeat the purpose of the legislature to render the pleadings of the landlord less difficult than they were at the common law. The rent was due, and the tenant was in the enjoyment of the land under the demise at the time the distress was made; and in such a case, I think the landlord may avow under the statute. No other objection has been made to the first avowry, and this is not well taken.
 

 As the'first avowry was good, and the pleas in bar were bad, the defendant was entitled to judgment on the demurrers, although the second avowry was not well pleaded. When the defendant succeeds on any avowry or plea in bar, going to the whole action, he is entitled to judgment, notwithstanding' his
 
 *288
 
 other pleas or avowries may be defective. When there is one good defence to an action, it matters not how many poor ones there may be.
 

 The remaining questions arise on the bill of exceptions The judge rejected evidence to prove that the building was not completed by the first of May; and that for the want of repairs, the tenement was rendered uninhabitable, and the plaintiff and his family were compelled to remove from the premises. In an action to recover rent, or when replevin is brought after a distress for rent, such evidence is not admissible by way of estabfishing a
 
 set off. (Allen
 
 v.
 
 Pell,
 
 4
 
 Wend.
 
 505;
 
 Etheridge
 
 v.
 
 Osborn, 12 id. 529; Sickels
 
 v.
 
 Fort, 15 id.
 
 529.) But the tenant may
 
 recoupe
 
 damages in such cases.
 
 (Westlake
 
 v.
 
 De Graw,
 
 25
 
 Wend.
 
 669;
 
 Whitbeck
 
 v.
 
 Skinner, 7 Hill,
 
 53.
 
 And see Ives
 
 v.
 
 Van Epps, 22 Wend.
 
 155;
 
 Batterman
 
 v.
 
 Pierce,
 
 3
 
 Hill,
 
 171.) I see no difference in principle, in relation to this question, whether the action is brought to recover rent, or is replevin after a distress for rent. But the evidence should not be received under all possible circumstances. It was offered in this case under the plea of eviction, where it could not possibly be material, and was properly rejected for that reason. The evidence was not offered after the defendant had elected to waive a return of the property, and take a verdict for the rent in arrear.
 

 The plaintiff did not except to the refusal of the judge to instruct the jury as requested. And besides, the instruction would have been improper. It did not appear that the defendant had received more rent for the year, including the amount in controversy, than the plaintiff had agreed to pay.
 

 I see no error in the judgment, and am of the opinion that it should be affirmed.
 

 Judgment affirmed.1