SIMONDS *v.* CROSS.

Evidence in recoupment of damages is not admissible under the general
issue.

TROVER, for a lot of timber. Plea, the general issue. Facts
found by the court. In the fall of 1880 the plaintiff bargained
with the defendant for certain timber then standing on her land,
with the right to remove the same as fast as it was cut, yarded,
surveyed, and paid for. Under the contract, timber was cut and
yarded by the plaintiff, amounting to about $490, which was
surveyed and paid for in full, and was nearly but not quite all
taken away in the winter of 1880–'81. The same winter and spring
the plaintiff cut and yarded another lot, which was surveyed,
amounting to $198.64. For this lot the plaintiff never paid nor
offered to pay. In September, 1882, he sent his teams to haul
away what remained of the first lot, but was prevented by the de-
fendant, who claimed that all of that lot had been hauled away.
It is for this timber that this suit is brought. The timber had not
all been taken away, and the plaintiff's damages therefor are as-
sessed at $52.50.

The last lot of timber was never taken away. It was surveyed
March 31, 1881. In the fall of 1881 the defendant notified the
plaintiff that it was spoiling, and to come and pay for it and re-
move it; and that if he did not, she would have to cut it up into
wood. The plaintiff refusing to pay for it, she cut it up into cord
wood in the winter of 1881–'82, and sold it at $4 a cord, amount-
ing to $66; and the loss on this lot of timber was $132.64, which
the defendant claims to recoup in this suit. The defendant's dam-
ages exceeding the plaintiff's, the court found the defendant not
guilty, and the plaintiff excepted.

*Barnard & Barnard*, for the plaintiff.

*Shirley & Stone*, for the defendant, cited *Horn* v. *Batchelder*, 41
N. H. 86; *Britton* v. *Turner*, 6 N. H. 481; *Flanders* v. *Putney*, 58

N. H. 358; *Carey* v. *Guillow,* 105 Mass. 18; *Campbell* v. *Somerville,* 114 Mass. 334.

BLODGETT, J.   The defendant having pleaded the general issue only, the evidence excepted to was inadmissible, both upon general principles and under all the rules of pleading; and it is therefore properly held, in cases of this description, that the right of recoupment cannot be exercised without due notice to the plaintiff.   *Steamboat Wellsville* v. *Geisse,* 3 Ohio St. 333; *Runyan* v. *Nichols,* 11 Johns. 547; *Beecker* v. *Vrooman,* 13 Johns. 302; *Ives* v. *Van Epps,* 22 Wend. 155; *Mayor* v. *Trowbridge,* 5 Hill 71; *Barber* v. *Rose,* 5 Hill 76; *Nichols* v. *Dusenbury,* 2 N. Y. 283; *Keyes* v. *Slate Co.,* 34 Vt. 81; *Hogg* v. *Cardwell,* 4 Sneed 151; *Basten* v. *Butter,* 7 East 479; 7 Wait Act. & Def. 545.

To hold otherwise would obviously result in surprise and injustice, and constitute so entire an emancipation from all rules of pleading, that neither the parties nor the court would be able, in this growing class of cases, definitely to ascertain from the record either the matter actually in controversy, or what testimony would be relevant and what would not, in its decision.   In a word, it would sanction a mode of proceeding fraught only with absurdity and evil.

*Exceptions sustained.*

SMITH, J., did not sit: the others concurred.