CRONIN *et al. v.* EPSTEIN.

(*City Court of New York, General Term.* May 28, 1888.)

1. LANDLORD AND TENANT — ACTION FOR RENT — FAILURE TO PUT LESSEE IN POSSESSION—RIGHTS OF LESSEE.

In an action for rent on a lease under seal, which provides that the lessees shall have possession on "May 1st, or sooner, if alterations thereto are completed," the landlord's failure to deliver the possession according to his agreement cannot be pleaded in bar; the lessee's remedy in such case being by counter-claim upon the landlord's covenants.

2. SAME—ACTION FOR RENT—PLEADING—TENDER.

In an action for rent, defendant pleaded tender, but failed to allege payment into court. *Held*, that such answer set up no defense, and judgment was properly entered for plaintiff.

Appeal from trial term.

This action was brought by Francis Cronin and another against Simon Epstein for rent of premises for the month of May, 1887, under a sealed lease by the plaintiff to the firm of Kantrowitz & Epstein, for a term of years, beginning May 1st, the rent payable monthly in advance. The lease provided that possession of the premises should be "given on May 1st, or sooner, if alterations thereto are completed." Defendant, at the time of the execution of the lease, executed the following sealed agreement, which was indorsed on the lease: "In consideration of the letting of the premises within mentioned to the within-named Kantrowitz & Epstein, and the sum of one dollar to me paid by the said parties of the first part, I, Simon Epstein, do hereby covenant and agree to and with the parties of the first part above named, and their legal representatives, that if default shall at any time be made by the said Kantrowitz & Epstein in the payment of the rent and performance of the covenants contained in the within lease on their part to be paid and performed, that I will well and truly pay the said rent, or any arrears thereof, that may remain due unto the said parties of the first part, and also all damages that may arise in consequence of the non-performance of said covenants, or either of them, without requiring notice of any such default from the said parties of the first part." Defendant pleaded a tender, on May 2d, of the rent for that month, and demand of possession of the premises, which was refused. Defendant's evidence tended to show that plaintiffs were in posses-

---

sion after May 1st, engaged in completing the repairs. Defendant appeals from a judgment ordered for plaintiff.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*S. F. Kneeland,* for appellant. *Geo. R. Carrington,* for respondents.

PER CURIAM. No specific time was fixed for the completion of the repairs by the landlord. There was, therefore, no breach of covenant on his part. The rent became due and payable under the lease, and was not paid. A tender was made; but, to be available, it must be kept good at all times. The debt is not paid by the tender. There was nothing in the case which required its submission to the jury. The direction in favor of the plaintiff was right, and the judgment must be affirmed, with costs.

PITSHKE, J., (*concurring.*) I concur in the decision reached by my brethren. The lease is a grant of the premises for a period, and the rent is annexed thereto as an incident. While in the *quasi* equitable action for "use and occupation" a tenant is not answerable unless he has had some beneficial enjoyment of the property, the action of covenant upon a sealed lease for rent does not depend upon occupation or enjoyment of the premises being gained by the lessee. *Gilhooly* v. *Washington,* 4 N. Y. 217, 219; *Jaffe* v. *Harteau,* 56 N. Y. 398, 401. And this is so, though, at the day fixed, tenant demands the possession, and landlord refuses to deliver up possession; for the lessee's remedy, in a proper case, would only be a counter-claim or cross-suit upon landlord's covenants, express or implied, to give due possession, to reconstruct the premises, and the like. *Etheridge* v. *Osborn,* 12 Wend. 529; *Vanderpoel* v. *Smith,* 4 Abb. Dec. 464,—DAVIES, J., holding: "The omission of a landlord to perform covenants on his part [*i. e.,* in refusing to place or let tenant into possession of that which, by the agreement of the parties, he ought to have enjoyed] is no bar to such lessor's claim for rent." See, also, *Edgerton* v. *Page,* 20 N. Y. 285, and *Trull* v. *Granger,* 8 N. Y. 115, 118, that the "rent" must be paid, and tenant can only insist on cross-damages.

The tender before suit is no defense, as the answer fails to plead payment into court. *Becker* v *Boon,* 61 N. Y. 317. The surety's undertaking was absolute to pay in case of lessee's default, and without requiring notice; the rent was payable monthly in advance; and consequently, for above reasons, the judgment against defendant as surety was right, and must be affirmed.