MASTER CONTRACTING CORP., Plaintiff, *v.* M. F. HICKEY COMPANY INCORPORATED, Defendant.

Supreme Court, Special Term, Queens County, March 15, 1949.

*Philip S. Taft* for plaintiff.

*Louis D. Schwartz* for defendant.

DALY, J. Defendant moves to dismiss the complaint for legal insufficiency (Rules Civ. Prac., rule 106, subd. 5).

According to the complaint, the parties entered into a written agreement on May 23, 1948, for the purchase by the plaintiff and the sale by the defendant of ready-mixed concrete. The plaintiff demanded at various times that the defendant deliver various quantities of such concrete, which the defendant refused in violation of the terms of the agreement, as a result of which it was necessary for the plaintiff to purchase concrete from other sources at a higher price, all to its damage in the sum of $25,091.75.

The ground for the defendant's motion is that the agreement is void, both for lack of mutuality and for indefiniteness, and is, therefore, unenforcible. I am unable to agree with this conclusion.

It is true that the first part of the agreement states that the defendant was " pleased to *quote* " on certain materials

delivered in truckload lots. (Emphasis supplied.) It was signed by plaintiff after the printed word " Accepted " on the defendant's own printed form, the last paragraph of which, before the signatures of either the plaintiff or the defendant, contains the following: " If the above quotation meets with your approval, kindly sign and return one copy to us *which will constitute a Contract.*" (Emphasis supplied.) The very word " Contract ", it seems to me, connotes a mutual obligation (*Moran* v. *Standard Oil Co.,* 211 N. Y. 187, 197). It is also true that no definite amount of concrete was mentioned in the agreement. Indeed, it was provided that an unlimited amount should be delivered in Queens County, Long Island, New York, ending October 31, 1948. Thus, there is a definite duration of the contract, a definite county in which delivery is to be made, but an unlimited amount of concrete, which, however, receives definition from the third printed paragraph, following the quoted terms. There it is provided that the seller will allow thirty minutes average unloading time per truckload for each day's delivery " such free time to begin with arrival of truck *on your job.*" (Emphasis supplied.) Since plaintiff was a contracting corporation, purchasing ready-mixed concrete, which must be used at once upon delivery " free time to begin with arrival of truck on your job ", it is clear that plaintiff contracted to purchase from the defendant all its ready-mixed concrete requirements for its own jobs in Queens County, for the period ending October 31, 1948. The foregoing construction, it seems to me, is reasonably justified by the language used in the entire agreement (*Edison Elec. Illuminating Co.* v. *Thacher,* 229 N. Y. 172).

Accordingly, the complaint cannot be dismissed at this stage upon the grounds urged by the defendant. A pleading when challenged for legal insufficiency must be construed broadly and liberally (Civ. Prac. Act, § 275; *Wainwright & Page* v. *Burr & McAuley,* 272 N. Y. 130). Every intendment and fair inference is resolved in its favor (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432), and if the plaintiff is entitled to a recovery on any theory pleaded in the complaint, the motion to dismiss must be denied (*Abrams* v. *Allen,* 297 N. Y. 52; *Condon* v. *Associated Hosp. Service of New York,* 287 N. Y. 411, 414).

In light of the foregoing views, the motion is denied with leave to the defendant to serve its answer within ten days after service of a copy of the order to be entered hereon with notice of entry.

Submit order.