Elias Aronson,
Acting City Judge. This action is for damages allegedly due by reason of a breach of a written lease prior to the expiration date thereof. The answer interposed contained a general denial and what purported to be a separate defense. In effect, there was an inference that the defense would be in the nature of a constructive eviction. Thus a question of fact, is presented.
Plaintiffs, some months after the joinder of issue, moved to strike the separate defense as being improper in form and title. Defendants, by the answering affidavit, consented that the separate defense be stricken, and by way of such affidavit at the same time pleaded for leave to amend the answer to comply with precedent and statutes, in such cases appertaining. With the answering affidavit he appended a copy of his proposed amended answer.
*61 CPLB 3025 (subd. [a]) provides that a pleading may be amended as of course, within 20 days after the service. Subdivision (b) (second sentence) states that leave shall be freely given upon terms set by the court, and subdivision (c) states that amendments may be permitted before or after judgment to conform to the evidence (proofs), upon terms, including the granting of costs, et cetera. Invariably, granting leave to amend with little or no reservation has been the practice in this State since the inception of the original Civil Practice Act in 1921, and prior thereto when practice was controlled by the Code of Civil Procedure. It has been held that a pleading when challenged for legal insufficiency must be construed liberally, and every intendment and fair inference is resolved in favor of the pleading. (Masters Contr. Corp. v. Hickey Co., 194 Misc. 982.) Nor has time limit been placed on motions for leave to amend a pleading. (CPLr 3025.)
No pleading should be unduly limited on technical grounds, especially when no substantial right of a party will be affected; or when the other litigant would not be prejudiced or surprised by a sudden turn of events. (Friedman v. Miller, 259 App. Div. 719.)
To deny a right to amend because of a technicality would be tantamount to summary judgment and denial of a litigant to his day in court. Here the original answer, even though possibly defective as to form, showed an intent to defend by a claim of breach on the part of the plaintiffs. The defense or counterclaim of constructive eviction has been held not permissible under a general denial answer in actions for rent due under a lease (Cox v. Cryder, 168 App. Div. 624; McKinny v. Browning, 126 App. Div. 370). Hence, to refuse amendment would act summarily to deprive defendant of a substantial right — the right to prove his defenses, and it has been held that leave to amend should be freely given (Dittmar Explosives v. A. E. Ottaviano, Inc., 20 N Y 2d 498).
This court feels that the pleadings here should not be unduly limited on technical grounds, that the defendant should be allowed his day in court, and the Legislature appears to have encouraged this by the liberalization of the practice procedures under the current CPLR.
Plaintiffs’ motion to strike out the original separate defense is granted. Defendant is granted leave to serve an amended answer in proper statutory form within 10 days after the service of a copy of the order to be entered hereon; plaintiffs should reply thereto within the statutory period.